OPINION OF THE COURT
Peter J. McQuillan, J.
Petitioner has made a motion for a judgment, pursuant to CRLR article 78, annulling respondent’s determination that petitioner be denied accident disability retirement and compelling respondent to award to petitioner an accident disability pension retroactive to March 23, 1977.
Petitioner was appointed a police officer on April 3,1968. Prior to his appointment, petitioner was found to be medically and physically qualified for the position of police officer.
In late 1974, petitioner was diagnosed as having rheumatic heart disease with mitral stenosis. In January, 1975, petitioner entered a hospital for examination. His condi *242 tion was diagnosed as “mitral stenosis and insufficiency. Aortic insufficiency.” An X-ray examination revealed findings “compatible with rheumatic mitral disease.”
In March, 1975, petitioner again entered a hospital and underwent open heart surgery for replacement of the mitral valve with a prosthetic device. His condition was diagnosed as “rheumatic heart disease.” In July, 1975, petitioner submitted an application for accident disability retirement due to heart disease. Petitioner relied on the statutory presumption prescribed in section 207-k of the General Municipal Law (Heart Bill) which provides as follows: “Notwithstanding the provisions of any general, special or local law or administrative code to the contrary * * * any condition of impairment of health caused by diseases of the heart, resulting in total or partial disability * * * to a paid member of the uniformed force of a paid police department * * * where such * * * policemen * * * are drawn from competitive civil service lists, who successfully passed a physical examination on entry into the service * * * which examination failed to reveal ariy evidence of such condition, shall be presumptive evidence that it was incurred in the performance and discharge of duty, unless the contrary be proved by competent evidence.”
In December, 1975, petitioner was examined by the Medical Board of the Police Pension Fund, Article II. This board found him disabled due to his cardiac condition, but recommended disapproval of his application for accidental disability retirement because “the occurrence of mitral valve disease without physical trauma is not construed to be job-related.”
Petitioner had submitted to the medical board a letter from his childhood doctor to the effect that he never had rheumatic fever nor any signs of heart disease.
Thereafter, the police commissioner, on petitioner’s behalf, submitted an application for accident and ordinary disability retirement. In December, 1976, the medical board recommended: (a) approval of the commissioner’s application for petitioner’s ordinary disability retirement; and (b) denial of the commissioner’s application for petitioner’s accident disability retirement. The medical board *243 concluded that although petitioner was disabled by mitral valve disease, this condition was not “job related or line of duty incurred.”
On March 23, 1977, the respondent board of trustees adopted a resolution accepting the recommendation of the medical board and retired petitioner for ordinary disability, denying the request for accident disability retirement. In July, 1977, petitioner commenced an article 78 proceeding. This matter was later remanded to respondent board of trustees pursuant to a stipulation by the parties. In November, 1977, the board of trustees remanded petitioner’s application to the medical board for reconsideration.
In a report dated February 13,1978, the chairman of the medical board stated, in part:. “[HJeart disease related to stress either physical or psychological has been presumed to be job related, or line of duty incurred. Hypertensive Cardiovascular disease and arteriosclerotic (coronary) heart disease are deemed to be related to stress and therefore to the stresses of police work. These predisposing causative factors are prolonged ones. If an individual suffers acute myocardial infarction away from his job, the chronic predisposing factors have still been recognized as operative and such an event is considered job related under the present law. However, heart diseases for which the causes are either unknown or known not to be related to stress either psychological or physical are etiologic categories which have not been allowed under the provisions of the Heart Bill because they are deemed not to be related to work or line of duty activities either directly or indirectly. A prolapse of the mitral valve of the heart is considered by the medical profession not to be stress related and therefore by the Medical Board not to be related to police work in any way. The only exception is in cases where prolapse of the mitral valve is an accompaniment of myocardial infarction, which is a stress related disease and therefore allowed under the provisions of the Heart Bill * * * I trust this policy statement will clarify the philosophy of the Cardiology Board of the Medical Board Article II in its dealing with various applications.”
On May 1, 1978, the medical board submitted an additional memorandum which stated, in part, that it “views as *244 eligible for the Heart Bill benefits those individuals who have heart disease that in some way can be contributed to or caused by physical or emotional stress. Rheumatic heart disease does not fall within this causative category, since its cause is acute rheumatic fever usually occurring in childhood or adolescence.”
In June, 1978, respondent denied petitioner’s application for accident disability retirement. The petitioner’s article 78 application was restored to the Special Term Calendar. In an opinion dated January 16, 1979, Justice Alvin F. Klein vacated the respondent’s determination and remanded the matter to the board of trustees for further proceedings not inconsistent with the court’s decision.
In November, 1980, the medical board reconsidered petitioner’s application and reaffirmed its denial of his application for accident disability retirement. The medical board made these observations: “Police Officer Vecchiarello suffered from mitral valve disease which required replacement of his mitral valve by surgery. It is a matter of general knowledge that mitral valve disease is not incurred in the line of duty and competent evidence meaning the opinion of all qualified cardiologists, and not some or even a majority of cardiologists, would consider that mitral valve disease is not due to the performance or discharge of any occupation including police work. It is medical fact that mitral valve disease is not job related and it is unanimously held by all medical practitioners knowledgeable in this disease that this is so. This unanimity of medical opinion is considered by the Medical Board to be competent evidence, and therefore, on this basis it was considered that Police Officer Robert Vecchariello did not have a condition for which Heart Bill benefits should have been granted.”
On October 8, 1981, the board of trustees reviewed petitioner’s application for accident disability retirement, and denied it. The board reaffirmed its prior approval of ordinary disability retirement. Petitioner then instituted the instant proceedings.
Petitioner argues that respondent has failed to produce competent evidence to rebut the statutory presumption that his heart disability was incurred in the performance *245 and discharge of duty. He asserts that there is no proof of a pre-existing condition which could have caused his disability; he also asserts that there is no proof that his disability was caused except while in the service of the police department.
In his memorandum of law, petitioner asserts that respondent’s “finding that rheumatic fever, though not documented, was the cause of petitioner’s heart disability, is speculative and not credible evidence of a fact * * * The Medical Board’s statement that mitral valve disease cannot be incurred by a police officer in the line of duty is not credible and is unsubstantiated.”
As noted, the medical board found that petitioner’s heart condition was caused by rheumatic heart disease and was unrelated to his police duties. Respondent argues that the presumption prescribed in the Heart Bill has been rebutted and that this action should be dismissed because respondent acted reasonably and lawfully in denying petitioner an accident disability retirement.
Under the Administrative Code of the City of New York, a Police Pension Fund member who is certified as physically incapacitated for the performance of duties is entitled to be retired on an ordinary disability. A member is eligible for an accident disability retirement if the incapacity was a natural and proximate result of an accidental injury received in such city service. (Administrative Code, § B1843.0.)
Section 207-k of the General Municipal Law “creates a presumption that a disabling * * * heart condition suffered by a New York City police officer * * * was accidentally sustained as a result of his employment if not rebutted by contrary proof.” (Uniformed Firefighters Assn. v Beekman, 52 NY2d 463, 472-473.)
In this case, the statutory presumption has been rebutted by competent evidence establishing that petitioner’s disabling heart condition was not accidentally sustained as a result of his employment. That is, competent evidence establishes that petitioner’s disabling heart condition (mitral valve disease) was caused by rheumatic heart disease and that the latter disease is always the *246 result of rheumatic fever. Additionally, there is competent evidence establishing that petitioner’s condition is unrelated to the stresses of police service.
In Uniformed Firefighters Assn. v Beekman (supra, p 471) the court observed that the theory behind section 207-k of the General Municipal Law “as outlined by its proponents, is not only that heart conditions are an occupational hazard for police officers and firemen, but also that this is a unique condition which generally is not the result of any particular, incident but involves a gradual and progressive degeneration as a result of the continuous stress and strain of the job.”
Petitioner’s disabling heart condition is not stress related, i.e., mitral valve disease is not caused by or related to stress. As noted above, the medical board reported that a “prolapse of the mitral valve of the heart is considered by the medical profession not to be stress related * * * It is a matter of general knowledge that mitral valve disease is not incurred in the line of duty * * * It is a medical fact that mitral valve disease is not job related and it is unanimously held by all medical practitioners knowledgeable in this disease that it is so.”
In order to rebut the statutory presumption, the medical board is not required to articulate the cause of petitioner’s heart disability. The presumption is rebutted when it is proven by competent evidence that the presumed line-of-duty accident did not cause the disabling heart condition. Here, as in Matter of Ferrigno.v Board of Trustees of Police Pension Fund of Police Dept, of City of N. Y. (63 AD2d 872), “the finding of the medical board that petitioner’s cardiac condition was not job related was based upon competent evidence, and provided a rational basis for the board’s determination * * * The evidence served to overcome the presumption contained in the ‘Heart Bill’ * * * the board of trustees was entitled to rely on the findings of its medical board.”
In this case, there was competent evidence to support the determination of the board of trustees which denied petitioner’s application for accident disability retirement. Thus, the board’s action was neither arbitrary nor capricious.
*247 The medical board is solely and exclusively responsible for deciding medical issues. This court may not substitute its judgment on medical issues for that of the administrative body designated by statute to resolve medical controversies. The action of the board of trustees in denying accident disability retirement for the petitioner was in all respects lawful and proper.
Petitioner’s motion for a judgment pursuant to CPLR article 78 is denied in all respects and the proceeding is dismissed on the merits.